**KHASHAN LAW FIRM, APC**
Lewis Khashan, Esq. (CA SBN: 275906)
Maria Zurmati, Esq. (CA SBN: 334340)
26636 Margarita Road, Suite 101
Murrieta, CA 92563
Telephone: (951) 461-2387
Facsimile: (909) 658-8981
Email:   lewis@khashanlaw.com
Email:   maria@khashanlaw.com

Attorneys for Plaintiffs Meghan O'Malley Kail, Leah Kail, and Maya Kail

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEGHAN O'Malley-KAIL; and MAYA KAIL; LEAH KAIL, individually and as successors-in-interest to Estate of JUSTIN KAIL (Decedent), <br><br> Plaintiffs, <br><br> vs. <br><br> SHERIFF CHAD BIANCO, an Individual: Correctional Deputy GARRETT SCHULTZ, an Individual; Correctional Deputy MICHAEL GUNDRY, an Individual; Correctional Deputy JARED COX, an Individual; Correctional Deputy AARON ESPANOL, an Individual; Correctional Deputy JASON JUCO, an Individual; Correctional Deputy MARIA CORONEL, an Individual; Correctional Deputy VINH VUONG, an Individual; Correctional Sergeant CHRISTIAN MURPHY, an Individual; Correctional Sergeant BRYAN BURNETT, an Individual; Correctional Lieutenant LESLIE URIARTE, an Individual; Correctional Lieutenant GABRIEL RAMIREZ, an Individual; Correctional Corporal JARED WARD SR., an Individual; Sergeant LACY STUTLER, an Individual; Sergeant JERET MCCLELLAN, an Individual; Deputy JACOB HUSKEY, an Individual; Deputy ANDREW CLARK; RIVERSIDE COUNTY SHERIFF'S DEPARTMENT; COUNTY OF RIVERSIDE, A MUNICIPAL ENTITY and DOES 1- 25, Inclusive, | **PLAINTIFFS' COMPLAINT FOR DAMAGES AND VIOLATIONS OF CIVIL RIGHTS PURUSNT TO 42 U.S.C. §1983, CALIFORNIA CIVIL CODE §52.1, AND WRONGFUL DEATH** <br><br><br> **DEMAND FOR JURY TRIAL** |

1

Defendant(s).

## **INTRODUCTION**

1.   This action involves the death of Justin Kail (hereinafter "Mr. Kail" or "Decedent") which is filed by Mr. Kail's surviving mother, Sharon Kidd (hereinafter "Plaintiff Sharon"), surviving wife Meghan O'Malley Kail (hereinafter "Plaintiff Meghan"), and his surviving daughters Maya Kail (hereinafter "Plaintiff Maya"), and Leah Kail (hereinafter "Plaintiff Leah") individually and collectively as ("Plaintiffs"). Mr. Kail died due to an alleged fatal overdose while detained at the Cois Byrd Detention Center in Murrieta, California, County of Riverside. Mr. Kail, as all other inmates, required the highest possible observation while in detention. On or about May 17, 2022, at or near 11:28 p.m., Riverside County Sheriff's Deputies assigned to the Murrieta jail responded to Mr. Kail's jail cell and found him unresponsive. The jail personnel allegedly performed life-saving measures on Mr. Kail; however, they were not successful in their resuscitation efforts and Mr. Kail died inside his jail cell.

## **JURISDICTION AND VENUE**

2.   This Court has jurisdiction over Plaintiffs' federal claim under 28, U.S.C.

**PLAINTIFFS' COMPLAINT FOR DAMAGES AND
VIOLATIONS OF CIVIL RIGHTS**

§§1331, 1343, as it arises under 42 U.S.C. §1983.

3. This court has personal jurisdiction over all Defendants as Plaintiffs are informed and belief and thereon allege that each defendant is a resident of the State of California.

4.  Venue in the United States Central District Court for the Western Division is proper pursuant to 28 U.S.C. §1391(b) because the events giving rise to Plaintiffs' claim occurred in this district and in the Riverside County which is within this judicial district.

5.  Plaintiffs commence this action timely and in accordance with the applicable statutes of limitations and the amount of controversy herein, excluding interest and costs, exceeds the minimum jurisdictional limit of this Court.

## PARTIES

**PLAINTIFF:**

6. Plaintiff Meghan is the surviving spouse of Decedent and has a special interest in this matter that is concrete and therefore has standing to bring this claim as Civil Rights Violation under §1983. PLAINTIFFS were residents of the State of California, Riverside County at the time of the SUBJECT INCIDENT.  Pursuant to CCP §377.34(b), effective January 1, 2022, in an action by a Decedent's Successor-in-Interest on the Decedent's cause of action, the damages recoverable may include damages for pre-death pain, suffering, and disfigurement since this action is being filed after January 1, 2022, and before January 1, 2026.

7.   Plaintiff Maya is the surviving child of Decedent, and has a special interest in this matter that is concrete and therefore has standing to bring this claim as Civil Rights Violation under §1983. Plaintiff was a resident of the State of California, Riverside County at the time of the incident. Under CCP §377.30, a cause of action that survives the death of the person entitled to commence an action or proceeding passes to the Decedent's Successor-in-Interest.  Pursuant

to CCP §377.34(b), effective January 1, 2022, in an action by a Decedent's Successor-in-Interest on the Decedent's cause of action, the damages recoverable may include damages for pre-death pain, suffering, and disfigurement since this action is being filed after January 1, 2022, and before January 1, 2026.

8.   Plaintiff Leah is the surviving child of Decedent, and has a special interest in this matter that is concrete and therefore has standing to bring this claim as Civil Rights Violation under §1983. Plaintiff was a resident of the State of California, Riverside County at the time of the incident. Under CCP §377.30, a cause of action that survives the death of the person entitled to commence an action or proceeding passes to the Decedent's Successor-in-Interest.  Pursuant to CCP §377.34(b), effective January 1, 2022, in an action by a Decedent's Successor-in-Interest on the Decedent's cause of action, the damages recoverable may include damages for pre-death pain, suffering, and disfigurement since this action is being filed after January 1, 2022, and before January 1, 2026.

9.   Plaintiff Sharon is the surviving mother of Decedent, and has a special interest in this matter that is concrete and therefore has standing to bring this claim as Civil Rights Violation under §1983. Plaintiff was a resident of the State of California, Riverside County at the time of the incident. Under CCP §377.30, a cause of action that survives the death of the person entitled to commence an action or proceeding passes to the Decedent's Successor-in-Interest.  Pursuant to CCP §377.34(b), effective January 1, 2022, in an action by a Decedent's Successor-in-Interest on the Decedent's cause of action, the damages recoverable may include damages for pre-death pain, suffering, and disfigurement since this action is being filed after January 1, 2022, and before January 1, 2026.

**PLAINTIFFS' COMPLAINT FOR DAMAGES AND
VIOLATIONS OF CIVIL RIGHTS**

**DEFENDANTS:**

10. Plaintiffs are informed and believe and thereon allege that Defendant CHAD BIANCO ("Defendant Bianco") is a citizen of California, and is and was elected Sheriff, Coroner and Public Administrator of Riverside County Sheriff Department and serves as the Chief Law Enforcement Officer of Riverside County.

11. Plaintiffs are informed and believe and thereon allege that Defendant GARRETT SCHULTZ ("Defendant Shultz") is a citizen of California, and is a correctional deputy employed by or an agent of the Riverside County Sheriff Department and Cois M. Byrd Detention Center, located at 30755-B Auld Rd., Murrieta, CA, 92563. He was one of the officers at the aforesaid detention center who responded to the scene and acted under the color of law within the scope of his agency with the Riverside County Sheriff's Department.

12. Plaintiffs are informed and believe and thereon allege that Defendant MICHAEL GUNDRY ("Defendant Gundry") is a citizen of California, and is a correctional deputy employed by or an agent of the Riverside County Sheriff Department and Cois M. Byrd Detention Center, located at 30755-B Auld Rd., Murrieta, CA, 92563. He was one of the officers at the aforesaid detention center who responded to the scene and acted under the color of law within the scope of his agency with the Riverside County Sheriff's Department.

13. Plaintiffs are informed and believe and thereon allege that Defendant JARED COX ("Defendant Cox") is a citizen of California, and is a correctional deputy employed by or an agent of the Riverside County Sheriff Department and Cois M. Byrd Detention Center, located at 30755-B Auld Rd., Murrieta, CA, 92563. He was one of the officers at the aforesaid detention center who responded to the scene and acted under the color of law within the scope of his agency with the Riverside County Sheriff's Department.

14. Plaintiffs are informed and believe and thereon allege that Defendant AARON ESPANOL ("Defendant Espanol") is a citizen of California, and is a correctional deputy employed by or an agent of the Riverside County Sheriff Department and Cois M. Byrd Detention Center, located at 30755-B Auld Rd., Murrieta, CA, 92563. He was one of the officers at the aforesaid detention center who responded to the scene and acted under the color of law within the scope of his agency with the Riverside County Sheriff's Department.

15. Plaintiffs are informed and believe and thereon allege that Defendant JASON JUCO ("Defendant Juco") is a citizen of California, and is a correctional deputy employed by or an agent of the Riverside County Sheriff Department and Cois M. Byrd Detention Center, located at 30755-B Auld Rd., Murrieta, CA, 92563. He was one of the officers at the aforesaid detention center who responded to the scene and acted under the color of law within the scope of his agency with the Riverside County Sheriff's Department.

16. Plaintiffs are informed and believe and thereon allege that Defendant MARIA CORONEL ("Defendant Coronel") is a citizen of California, and is a correctional deputy employed by or an agent of the Riverside County Sheriff Department and Cois M. Byrd Detention Center, located at 30755-B Auld Rd., Murrieta, CA, 92563. He was one of the officers at the aforesaid detention center who responded to the scene and acted under the color of law within the scope of his agency with the Riverside County Sheriff's Department.

17. Plaintiffs are informed and believe and thereon allege that Defendant JASON JUCO ("Defendant Juco") is a citizen of California, and is a correctional deputy employed by or an agent of the Riverside County Sheriff Department and Cois M. Byrd Detention Center, located at 30755-B Auld Rd., Murrieta, CA, 92563. He was one of the officers at the aforesaid detention

center who responded to the scene and acted under the color of law within the scope of his agency with the Riverside County Sheriff's Department.

18. Plaintiffs are informed and believe and thereon allege that Defendant VINH VUONG, ("Defendant Vuong") is a citizen of California, and is a correctional deputy employed by or an agent of the Riverside County Sheriff Department and Cois M. Byrd Detention Center, located at 30755-B Auld Rd., Murrieta, CA, 92563. He was one of the officers at the aforesaid detention center who responded to the scene and acted under the color of law within the scope of his agency with the Riverside County Sheriff's Department.

19. Plaintiffs are informed and believe and thereon allege that Defendant CHRISTIAN MURPHY ("Defendant Murphy") is a citizen of California, and is a correctional sergeant employed by or an agent of the Riverside County Sheriff Department and Cois M. Byrd Detention Center, located at 30755-B Auld Rd., Murrieta, CA, 92563. He was one of the officers at the aforesaid detention center who responded to the scene and acted under the color of law within the scope of his agency with the Riverside County Sheriff's Department.

20. Plaintiffs are informed and believe and thereon allege that Defendant BRYAN BURNETT ("Defendant Burnett") is a citizen of California, and is a correctional sergeant employed by or an agent of the Riverside County Sheriff Department and Cois M. Byrd Detention Center, located at 30755-B Auld Rd., Murrieta, CA, 92563. He was one of the officers at the aforesaid detention center who responded to the scene and acted under the color of law within the scope of his agency with the Riverside County Sheriff's Department.

21. Plaintiffs are informed and believe and thereon allege that Defendant LESLIE URIARTE ("Defendant Uriarte") is a citizen of California, and is a correctional lieutenant employed by or an agent of the Riverside County Sheriff Department and Cois M. Byrd

Detention Center, located at 30755-B Auld Rd., Murrieta, CA, 92563. He was one of the officers at the aforesaid detention center who responded to the scene and acted under the color of law within the scope of his agency with the Riverside County Sheriff's Department.

22. Plaintiffs are informed and believe and thereon allege that Defendant GABRIEL RAMIREZ ("Defendant Ramirez") is a citizen of California, and is a correctional lieutenant employed by or an agent of the Riverside County Sheriff Department and Cois M. Byrd Detention Center, located at 30755-B Auld Rd., Murrieta, CA, 92563. He was one of the officers at the aforesaid detention center who responded to the scene and acted under the color of law within the scope of his agency with the Riverside County Sheriff's Department.

23. Plaintiffs are informed and believe and thereon allege that Defendant JARED WARD SR. ("Defendant Ward") is a citizen of California, and is a correctional corporal employed by or an agent of the Riverside County Sheriff Department and Cois M. Byrd Detention Center, located at 30755-B Auld Rd., Murrieta, CA, 92563. He was one of the officers at the aforesaid detention center who responded to the scene and acted under the color of law within the scope of his agency with the Riverside County Sheriff's Department.

24. Plaintiffs are informed and believe and thereon allege that Defendant LACY STUTLER ("Defendant Stutler") is a citizen of California, and is a sergeant employed by or an agent of the Riverside County Sheriff Department and Cois M. Byrd Detention Center, located at 30755-B Auld Rd., Murrieta, CA, 92563. He was one of the officers at the aforesaid detention center who responded to the scene and acted under the color of law within the scope of his agency with the Riverside County Sheriff's Department.

25. Plaintiffs are informed and believe and thereon allege that Defendant JERET MCCLELLAN ("Defendant McClellan") is a citizen of California, and is a sergeant employed

by or an agent of the Riverside County Sheriff Department and Cois M. Byrd Detention Center, located at 30755-B Auld Rd., Murrieta, CA, 92563. He was one of the officers at the aforesaid detention center who responded to the scene and acted under the color of law within the scope of his agency with the Riverside County Sheriff's Department.

26. Plaintiffs are informed and believe and thereon allege that Defendant JACOB HUSKEY ("Defendant Huskey") is a citizen of California, and is a deputy employed by or an agent of the Riverside County Sheriff Department and Cois M. Byrd Detention Center, located at 30755-B Auld Rd., Murrieta, CA, 92563. He was one of the officers at the aforesaid detention center who responded to the scene and acted under the color of law within the scope of his agency with the Riverside County Sheriff's Department.

27. Plaintiffs are informed and believe and thereon allege that Defendant ANDREW CLARK ("Defendant Clark") is a citizen of California, and is a deputy employed by or an agent of the Riverside County Sheriff Department and Cois M. Byrd Detention Center, located at 30755-B Auld Rd., Murrieta, CA, 92563. He was one of the officers at the aforesaid detention center who responded to the scene and acted under the color of law within the scope of his agency with the Riverside County Sheriff's Department.

28. Plaintiffs are informed and believe and thereon allege that Defendants RIVERSIDE COUNTY SHERIFF'S DEPARTMENT ("Sheriff's Dept.") and The COUNTY OF RIVERSIDE are, and was at all times herein alleged the Law Enforcement Agency in Riverside County,and the County of Riverside located in in the State of California

29. Plaintiffs are informed and believe and thereon allege that Defendant COIS BYRD DETENTION CENTER ("Detention Center"), located at 30755-B Auld Road, Murrieta, CA 92563, is and was at all times herein alleged a correctional facility within the Riverside County in the State if California.

**OTHER DEFENDANTS:**

30. The true names and capacities, whether individual, plural, corporate, partnership, associate, or otherwise, of Does 1-25, inclusive, are unknown to Plaintiffs who therefore sued said Defendants by such fictitious names. The full extent of the facts linking such fictitiously sued Defendants is unknown to Plaintiffs.  Plaintiffs are informed and believe, and thereupon allege, that each of the Defendant designated herein as a Doe was, and is negligent, or in some other actionable manner, responsible for the events and happenings hereinafter referred to, and thereby negligently, or in some other actionable manner, legally and proximately caused the hereinafter described injuries and damages to Plaintiffs. Plaintiffs will hereafter seek leave of the Court to amend this Complaint to show the Defendants' true names and capacities after the same have been ascertained.

**AGENCY & CONCERT OF ACTION:**

31. At all times herein mentioned, Defendants, and each of them, hereinabove, were the agents, servants, employees, partners, aiders and abettors, and/or joint venturers of each of the other Defendants named herein and were at all times operating and acting within the scope and purpose of said agency, service, employment, partnership, enterprise, and/or joint venture, and each Defendant has ratified and approved the acts of each of the remaining Defendants.

## GENERAL ALLEGATIONS

32. Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, each Defendant was an agent and/or employee and/or co-conspirator or each remaining Defendants, and in engaging in acts and/or omissions hereinafter alleged, was acting within the scope of such agency, employment, and/or conspiracy, and with the permission and consent of other Co-Defendants.

33. The acts and omissions of all Defendants were engaged in maliciously, callously, oppressively, wantonly, recklessly, and with deliberate indifference to the rights of Plaintiffs.

## **STATEMENT OF FACTS**

34. Decedent was a 31-year-old resident of Winchester, California who was booked at the Cois Byrd Detention Center located in Murrieta, California and under the care, custody, and control of the Riverside County Sheriff's Department at the time of his death.

35. Plaintiffs are informed and believe and thereon allege that on or May 17, 2022, Riverside County Sheriff's Deputy found Mr. Kail in his jail cell unresponsive.

36. Plaintiffs are informed and believe and thereon allege that while Decedent was inside Cois Byrd Detention Center, he had access to narcotics, including Fentanyl.

37. Plaintiffs are informed and believe and thereon allege that the Riverside County Sheriff's Department and the officers at the Cois Byrd Detention Center in Murrieta knew or should have known that the inmates, including the Decedent were consuming narcotics, including Fentanyl at an alarming rate which could cause death.

38. Plaintiffs are informed and believe and thereon allege that the Riverside County Sheriff's Department failed to prevent the procurement and the consumption of narcotics, including Fentanyl at the Cois Byrd Detention Center.

39. Decedent was a loving husband, father and son who lost his life due to the Defendants' negligence in failing to properly secure the facility and the entrance of narcotics into the jail.

40. Plaintiffs are informed and believe and thereon allege that many inmates, including Decedent lost their lives inside the Cois Byrd Detention Center in Murrieta, California due to similar acts.

41. Plaintiffs are informed and believe and thereon allege that the Riverside County Sheriff's Department failed to take proper measures to prevent inmates from obtaining and consuming Fentanyl while in custody.

42. Plaintiffs are informed and believe and thereon allege that Defendants failed to protect Decedent and Decedent's life by providing necessary medical care and drug rehabilitation services while he was detained at the Cois Byrd Detention Center.

43. Plaintiffs are informed and believe and thereon allege that Defendants were obligated and required by law to take proper measures to prevent the inmates at the Cois Byrd Detention Center from obtaining and consuming narcotics, including Fentanyl.

44. Plaintiffs are informed and believe and thereon allege that Defendants failed to conduct a regular welfare check on inmates as required to help Decedent seek medical treatment promptly to save his life.

45. Plaintiffs are informed and believe and thereon allege that there were numerous inmate deaths due to Fentanyl or other narcotic substance overdose in the years 2021 and 2022, and the Defendants failed to report those deaths to the State Officials.

46. Plaintiffs are informed and believe and thereon allege that Defendants knew or should have known individuals who are incarcerated, including Decedent are vulnerable to a fatal Fentanyl overdose as contrabands such as Fentanyl can easily enter the detention center.

47. Plaintiffs are informed and believe and thereon allege that Defendants failed to utilize intense surveillance and other control measures to prevent illicit drugs such as Fentanyl from entering the Cois Byrd Detention Center.

48. Plaintiffs are informed and believe and thereon allege that Defendants failed

to take even modest actions to prevent the deaths of the inmates due to drug overdose while in custody at the Cois Byrd Detention Center.

49. Plaintiffs are informed and believe and thereon allege that despite numerous inmate deaths, Defendants failed to tighten the security measures for inmates such as the Decedent to not obtain Fentanyl or narcotics inside the detention center.

50. Plaintiffs are informed and believe and thereon allege that inmates are at an increased risk of obtaining Fentanyl or other types of narcotic substances for distribution and consumption while detained at the aforesaid detention center; however, Defendants knowingly and/or recklessly disregarded that risk and Decedent's potential death due to Fentanyl overdose by failing to secure the facility and prevent the entrance of illicit drugs.

## DAMAGES

51. As a direct result of Defendants', and DOES's 1-25 acts/omissions as herein before described, Plaintiff Sharon suffered the loss of her beloved son; Plaintiff Meghan suffered the loss of her beloved husband, Plaintiff Maya and Plaintiff Leah suffered the loss of their loving father and the right to receive continued support, love and affection from Decedent. It is evident that Plaintiffs have suffered emotional distress, embarrassment, mental and physical pain, pain and suffering, humiliation, and other damages which they will continue to suffer in the future.

52. Plaintiffs claim damages for Decedent pre-death pain and suffering because Decedent suffered an immense amount of discomfort hours before he passed away as a direct and proximate cause of Defendants' negligent acts and/or omissions.  Further, Plaintiffs sustained damages resulting from the loss of aid, affection, comfort, society, and companionship, as well as other benefits and assistance from Decedent as a result of Defendant's deliberate indifference to life, safety, and medical needs.

53. As a direct result of Defendants' conduct herein before described, Plaintiffs suffered violation of their rights under the Fourteenth Amendment to the United States Constitution as made actionable against Defendants pursuant to 42 U.S.C. §1983, under California Constitution Article §§1 and 7 and under the state tort law, by Defendants' deliberate indifference towards Decedent's safety while being incarcerated; deliberate indifference to assist Decedent to receive the necessary medical treatments for his drug addiction that he was entitled to; and deliberate indifference to Decedent's safety and life.

54. Therefore, Plaintiffs are entitled to an award of all attorney's costs, fees and litigation costs incurred in pursuing this action for violation of his Civil Rights.

## CLAIMS FOR RELIEF

**First Claim For Relief**
**Violation of Civil Rights- 42 U.S.C. §1983- Fourteenth Amendment and Eight Amendment**
**Deliberate Indifference to Serious Medical Need**
**Against all DEFENDANTS**

55.  Plaintiffs re-allege and incorporate the allegations set forth in the preceding paragraphs as though fully set forth herein.

56. Plaintiffs are informed and believe and thereon allege that on or May 17, 2022, Riverside County Sheriff's Deputy found Mr. Kail in his jail cell unresponsive.

57. Plaintiffs are informed and believe and thereon allege that while Decedent was inside Cois Byrd Detention Center, he had access to narcotics, including Fentanyl.

58. Plaintiffs are informed and believe and thereon allege that the Riverside County

Sheriff's Department and the officers at the Cois Byrd Detention Center in Murrieta knew or should have known that the inmates, including the Decedent were consuming narcotics at an alarming rate which could easily cause an overdose.

59. Plaintiffs are informed and believe and thereon allege that the Riverside County Sheriff's Department had knowledge of prior drug overdoses in the named facility and failed to take proper measures to prevent inmates from obtaining and consuming Fentanyl while in detention center.

60. Plaintiffs are informed and believe and thereon allege that Defendants failed to prevent Decedent, and others, from obtaining and consuming narcotics, including Fentanyl.

61. Plaintiffs are informed and believe and thereon allege that Defendants were obligated and required by law to take proper measures to prevent the inmates at the Cois Byrd Detention Center from obtaining and consuming narcotics, including Fentanyl.

62. Plaintiffs are informed and believe and thereon allege that Defendants failed to utilize intense surveillance and other control measures to prevent illicit drugs such as Fentanyl from entering the Cois Byrd Detention Center.

63. Plaintiffs are informed and believe and thereon allege that Defendants failed to protect Decedent and provide necessary medical care and drug rehabilitation services while he was in Cois Byrd Detention Center.

64. Plaintiffs are informed and believe and thereon allege that Defendants failed to conduct a regular welfare check on inmates as required to help Decedent seek medical treatment promptly to save his life.

65. Decedent had a constitutional right under the Fourteenth Amendment to receive prompt medical and/or health care for his opioid use disorder; however, Defendants and DOES

1-25 violated Decedent constitutional right to medical and/or health care when they acted with deliberate indifference to Decedent serious medical needs.

66. At all times, Defendants and Does 1-25 were acting under the color of law and were acting in the course and scope of their employment with Riverside County Sheriff Department and Cois Byrd Detention Center in Murrieta California.

67. At all times, Defendants and Does 1-25, knew or should have known that Decedent, and others, had access to Fentanyl, and other illicit narcotics while incarcerated, which ultimately caused the death of the Decedent.

68. Plaintiffs are informed and believe and thereon allege that Defendants had prior notice and dealings with narcotics, including Fentanyl, found in the named facility which placed Decedent, and other inmates, at an increased risk of obtaining Fentanyl or other types of narcotic substances for distribution and consumption while detained at the aforesaid detention center; however, Defendants knowingly and/or recklessly disregarded this risk and Decedent's potential death due to Fentanyl overdose.

69. As a direct and proximate result of Defendants' and Does' 1-25 acts and omissions that were deliberately indifferent Decedent serious medical and/or health needs, Decedent lost his life due to Fentanyl overdose while in custody and care of Defendants.

70 . Defendants and Does 1-25 acted with deliberate or reckless disregard to Decedent's constitutionally protected rights, justifying an award of punitive or exemplary damages against Defendants and Does 1-25 in an amount subject to proof at the time of trial in order to deter Defendants and Does 1-25 from deliberately disregarding the inmates' needs for constitutionally protected rights to receive medical and health treatments and to make an example by way of

monetary punishment. Further Plaintiffs as a successor-in-interest to Decedent are also entitled to attorneys fees and costs associated with this complaint.

**Second Claim For Relief**
**Violation of Civil Rights- 42 U.S.C. §1983- Fourteenth Amendment**
**Right to Familial Association**
**Against all DEFENDANTS**

71. Plaintiffs re-allege and incorporate the allegations set forth in the preceding paragraphs as though fully set forth herein.

72. Plaintiffs are informed and believe and thereon allege that Defendants and Does 1-25 were aware that Decedent was a loving and caring husband, son and father who was in their care custody, and control at the Cois Byrd Detention Center in Murrieta California.

73. Plaintiffs are informed and believe and thereon allege that Defendants knew or should have known that inmates, including Decedent, had access to illicit drugs while in custody, which required Defendants to tighten the security measures at the aforesaid detention center to prevent these inmates from getting access to illicit and deadly drugs.

74. Plaintiffs are informed and believe and thereon allege that the Riverside County Sheriff's Department had knowledge of drug dealings with Fentanyl in the mentioned facility and failed to take proper measures to prevent inmates, and the Decedent, from obtaining and consuming Fentanyl while detained at the Detention Center.

75. Plaintiffs are informed and believe and thereon allege that Defendants were aware that due to the Defendant's failure of preventing illicit drugs, such as Fentanyl, from entering the facility, Defendants knowingly and/or recklessly disregarded the risks associated with Fentanyl consumptions and the likelihood of a Fentanyl overdose.

76. Defendants' and Does 1-25 failure to take intense and proper measures to prevent

17
**PLAINTIFFS' COMPLAINT FOR DAMAGES AND**
**VIOLATIONS OF CIVIL RIGHTS**

Decedent from obtaining and consuming Fentanyl inside the detention center, Defendants' and Does' 1-25 deliberate indifference towards Decedent medical needs, and their failure to at least conduct a welfare check on the Decedent while he was inside his detention cell to ensure he was not in danger, amounts to a deliberate indifference to Decedent's safety and thereby to Plaintiffs' constitutional right to companionship and society.

77. Plaintiffs are informed and believe and thereon allege that Defendants' and Does' 1-25 hereinabove mentioned deliberate indifference, Plaintiffs have been deprived of their liberty interest in the companionship and society of Decedent as Defendants' and Does' 1-25 conduct shocks the conscience, justifying a ward of punitive or exemplary damages against Defendants and Does 1-25.

**Third Claim For Relief**
**Violation of Civil Rights- 42 U.S.C. § 1983; Art. 1, §§1 and 7, California Constitution**
**Right to Safety and Life**
**Against all DEFENDANTS**

78. Plaintiffs re-allege and incorporate the allegations set forth in the preceding paragraphs as though fully set forth herein.

79. Plaintiffs are informed believe and allege that Defendants and Does 1-25 violated Decedent's rights to life and safety protected under California Constitution Article 1 §1 and §7 by failing to take proper measure to ensure the DECEDENT 1 and DECEDENT 2's safety and that they were free from a potential life-threatening harm which could result due to Decedent Fentanyl overdose.

80. Defendants' and Does' 1-25 wrongful acts and/or omission were intentional in failing to protect and preserve Decedent's and similarly situated inmates' lives, and each of them were

deliberately indifferent to the likely consequences of Decedent's Fentanyl consumption inside the Cois Byrd Detention Center I Murrieta, California.

81. As a direct and proximate consequence of Defendants' unlawful conduct, Decedent lost his life; Plaintiff Sharon lost her beloved son; Plaintiff Meghan lost her husband; and Plaintiffs Leah and Maya lost their loving father.

82. Defendants' and Does' 1-25 failure to act and/or conduct alleged herein amounts to oppression, fraud or malice within the meaning of Civil Code §3294 and was performed knowingly, intentionally and maliciously, amounting to despicable conduct by reason of which Plaintiffs are entitled to an award of exemplary damages against these Defendants in an amount subject to proof at the time of trial in order to deter these Defendants from engaging in similar conducts and to make an example by the way of monetary punishment. Plaintiffs are entitled to attorney's fees and costs of the suit herein pursuant to statute.

**Fourth Claim For Relief**
**Failure to Properly Train and Supervise & Monell Liability for Unconstitutional Policy, Practice & Custom- 42 U.S.C. § 1983**
**Against RIVERSIDE COUNTY SHERIFF'S DEAPRTMENT, RIVERSIDE COUNTY, AND DOES 1-25.**

83. Plaintiffs re-allege and incorporate the allegations set forth in the preceding paragraphs as though fully set forth herein.

84. Plaintiffs are informed and believe, and thereon alleges, that Riverside County's Sheriff's Department and the officers at the Cois Byrd Detention Center are required to utilize intense surveillance and control of the inmates to prevent illicit drugs such as Fentanyl from entering into facilities.

85. Plaintiffs are informed and believe and thereon allege that California Department of Corrections and Rehabilitation and California Correctional Health Care Services have

19
**PLAINTIFFS' COMPLAINT FOR DAMAGES AND**
**VIOLATIONS OF CIVIL RIGHTS**

implemented the Integrated Substance Use Disorder Treatment ("ISUDT") which detention centers such as the Cois Byrd Detention Center are required to abide by and through which they are required to provide assistance to inmates, including Decedent who suffer from substance use disorder to receive proper treatment.

86. Plaintiffs are informed and believe and thereon allege that Defendants and Does 1-25 were aware of Decedent's need to receive ISUDT as Decedent had a constitutionally protected right to receive such treatment while he was incarcerated at the Cois Byrd Detention Center. However, Defendants and Does 1-25, and each of them knowingly, recklessly and deliberately disregarded Decedent's need for such assistance and caused Decedent to obtain Fentanyl which resulted in him dying due to Fentanyl overdose.

87. Further, the detention officers are required to promptly assess each inmate and inmate's health and illicit drug use to assess whether a particular inmate suffers from substance use disorder and if so, they are required to assist the inmate to seek treatments under the ISUT program in order to save the inmate's life and to preserve the safety and wellbeing of other inmates inside the detention centers.

88. Plaintiffs are informed and believe and thereon allege that at many inmates at the Cois Byrd Detention Center lost their lives due to Fentanyl overdose which was never reported to the state officials as it would have prompted the state officials to question the Riverside County Sheriff's Department's and the Cois Byrd Detention Center's officials conduct and failure to undertake necessary measures such as assisting inmates to seek treatments for their substance use disorder, or to at least strengthen the security measures to prevent Fentanyl from entering the detention center.

89. Defendants Sheriff's Dept.'s and Detention Center's lack of a proper hiring, training, and retention, of the detention center officers who are conduct routine welfare checks on inmates in general and on inmates with drug use history in particular to ensure they are not in danger of an overdose or to assist the aforesaid inmates to receive proper treatments for the drug use disorder as required under the ISUDT was a direct and proximate cause of Plaintiffs' loss of their loved one and Decedent's loss of life inside the Detention Center. Defendants' lack of proper training, hiring, and retention of detention officers clearly amounts to deliberate indifference to Decedent's well-being and safety.

90. Sheriff's Dept.'s and Detention Center's failure to maintain adequate and proper training for its law enforcement officers, including deputy sheriffs and detention center officers to educate them as to the constitutional rights of the inmates general and the inmates with drug use disorder and/or history of drug dealings in particular; to ensure their safety and well-being amounts to deliberate indifference.

91. Sheriff's Dept. and Detention Center were aware, or should have been aware, of the propensities of its officers in general and the officers inside the Detention Center in particular to abuse their discretion and show reluctance towards inmates who are suffering from drug use disorder and toward ensuring their safety and wellbeing; however, the Sheriff's Dept. and Detention Center failed to adequately train and supervise its officers from violating the afore-mentioned individuals' rights.

92. Defendants' and Does' 1-25 deliberate indifference to Plaintiffs' constitutional rights, their failure to provide adequate training and supervision to the Detention Center officers and to the Sheriff Deputies that hold the power, authority, insignia, equipment, and resources available

to them to protect inmates in situation such as the one in question, amounts to deliberate indifference to citizen's constitutional rights.

93. Sheriff's Department's inadequate policy and procedures and failure to equip its officers, including officers at the Cois Byrd Detention Center in Murrieta, California with proper training related to dealings with inmates who suffer from drug use disorder, was the direct and proximate cause of the death of Decedent.

**Fifth Claim For Relief**
**Wrongful Death and Survival Action Under State Tort Law**
**Against all DEFENDANTS**

94.  Plaintiffs reallege and incorporate the allegations set forth in the preceding paragraphs as though fully set forth herein.

95.  Defendants, and Does 1-25, and each of them, owed a duty of care to Decedent, whom they had taken into custody and booked at the Cois Byrd Detention Center in Murrieta, California to act with ordinary care and prudence to ensure his safety and wellbeing while inside Detention Center.  Defendants and Does 1-25, and each of them owed a duty of reasonable care to periodically check on Decedent to make sure she did not pose a threat of harm to himself and/or others to avoid a fatality that could easily occur considering Decedent's Fentanyl use disorder.

96. Further, Plaintiffs allege that Defendants and Does 1-25 had a duty pursuant to California Department of Corrections and Rehabilitation and California Correctional Health Care Services' programs such as the ISUDT and Cognitive Behavior Interventions ("CBIs") programs to assess and evaluate Decedent for substance use disorder and to provide him with proper treatment if needed in order save his life from Fentanyl overdose.

97. At all times mentioned herein, Defendants and Does 1-25, and each of them were acting in the course and within the scope of their employment with the Riverside County. Defendants and Does 1-25, and each of them breached their duty of care to Decedent and Plaintiffs by:

(a) failing to promptly get Decedent assessed for eligibility to receive treatments for drug use disorder;

(b) failing to conduct a welfare check on Decedent while he was in his cell at the Detention center;

(c) failing to preserve safety of Decedent;

(d) failing to evaluate available information to determine Decedent's propensity to obtain and consume illicit drugs such as Fentanyl; and

(e) failing to evaluate safety conditions.

98. By engaging in the foregoing acts and/or omissions, Defendants, and each of them, breached their duty of care owed to Decedent and Plaintiffs. Further, Riverside County is responsible for the acts of its individual agents and employees under the theory of *respondeat superior*.

99. As a direct and proximate result of Defendants' negligent conduct alleged herein, Plaintiff Sharon lost her son, Plaintiff Meghan lost her husband and Plaintiffs Leah and Maya lost their father. Furthermore, Plaintiffs sustained damages resulting from the loss of aid, affection, comfort, society, and companionship, as well as other benefits and assistance from Decedent as a result of Defendant's and Does' 1-25 negligence.

100. Further, the conduct and/or omission of Defendants and Does 1-25 amounts to oppression, fraud, or malice within the meaning of Civil Code Section 3294 et seq., and punitive

**PLAINTIFFS' COMPLAINT FOR DAMAGES AND
VIOLATIONS OF CIVIL RIGHTS**

damages should be assessed against each Defendant for the purposes of punishment and for the sake of example.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFFS pray judgment against DEFENDANTS as follows:

        a.   General damages according to proof at the time of trial;

        b.   Special damages according to proof at the time of trial;

        c.   Prejudgment interest;

        d.   Punitive Damages, at the time of trial;

        e.   Costs of suit incurred herein; and

        f.   Attorneys' fees;

        g.   Exemplary damages.

## **DEMAND FOR JURY TRIAL**

    Plaintiff respectfully demands that the present matter be set for a jury trial.

//

//

*Respectfully Submitted by:*

                                   **THE KHASHAN LAW FIRM, APC**
                                   A Professional Law Corporation

Dated: March 18, 2024,           By:   *Lewis Khashan, Esq.*
                                   Lewis G. Khashan, Esq.
                                   Attorneys for Meghan  O'Malley, Leah Kail and Maya Kail

**PLAINTIFFS' COMPLAINT FOR DAMAGES AND
VIOLATIONS OF CIVIL RIGHTS**